IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GAARON VAN BETHEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:20-CV-222-RAH-CSC |
| ) | (WO) |
| BUTLER COUNTY SHERIFF DEPT. ) | |
| GOVERNMENTAL ENTITY, ) | |
| INCORPORATION, ) | |
|  *et al.,* ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint which was removed from Butler County Circuit Court to this court on March 30, 2020, and amended on April 24, 2020, by Garron Van Bethel, who was at that time an inmate in Bullock County Correctional Facility. (Docs. 1 and 14). The Plaintiff alleges that the Defendants treated him with deliberate indifference when they failed to provide medical treatment for a snake bite he received while housed at Bullock Correctional Facility where he had been falsely imprisoned. The named Defendants are Kenny Harden, former Sheriff, Captain Sharon Smith, Lieutenant Steven Loftin, Sergeant Mary Teague, Sergeant Margaret Toles, Sergeant David Jones, Correctional Officer Charles Thomas,

---

[1] All documents and attendant page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

Sheriff Danny Bond,[2] and the Butler County Sheriff Department, Governmental Entity Incorporation. (Doc. 14 at p. 2). The Plaintiff sues these Defendants in their official and individual capacities. He seeks money damages. (Doc. 1 at p. 4).

The Defendants filed a special report (Doc. 44), which included relevant evidentiary materials in support of this report, specifically affidavits, and prison documents addressing the Plaintiff's claims. In these documents, the Defendants deny they treated him with deliberate indifference or falsely imprisoned him.

The Defendants also raise the defense of exhaustion in their special report. (Doc. 44 at pp. 5-7). Indeed, the Prison Litigation Reform Act ("PLRA") requires that "inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit." *Jones v. Bock,* 549 U.S. 199, 202 (2007). Thus, the Defendants argue that because the Bullock County Jail utilizes a grievance procedure and the Plaintiff failed to file any grievance underlying the allegations of his complaint, he has failed to exhaust his administrative remedies and his claims are barred. *Id.*

After reviewing the special reports and exhibits, the court issued an order on October 21, 2020, requiring Bethel to file a response to the Defendants' special report, supported by affidavits or statements made under penalty of perjury and other evidentiary materials. (Doc. 56). This order specifically cautioned that "**unless within ten (10) days from the date of this order a party . . . presents sufficient legal cause why such**

---

[2] Sheriff Danny Bond, who was misidentified as Barnes in the complaint, did not take office until January 14, 2019, more than 5 months after the time period made the subject of the complaint.

**action should not be undertaken** . . . the court may at any time [after expiration of the time for the plaintiff filing a response to this order] and **without further notice to the parties** (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law." (Doc. 56 at pp. 3-4). Bethel filed a response to this order. (Doc. 57). Pursuant to the directives of the order entered on October 21, 2020, the court now treats the Defendants' special report as a motion to dismiss with respect to the failure to exhaust claims and as a motion for summary judgment as to any remaining claims and concludes that judgment is due to be granted in favor of the Defendants.

## II.  STANDARD OF REVIEW

Based on the foregoing, the court deems it appropriate to treat the special report filed by the Defendants as a motion to dismiss with respect to the exhaustion defense. Thus, this case is now pending on the Defendants' motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion [defense]. . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust

3

administrative remedies[.]"). However, to the extent that the court concludes that the Plaintiff has properly exhausted his administrative remedies as to any claim, the court will address the merits of those claims on summary judgment.

The court has undertaken a thorough and extensive review of all the evidence in this matter. After such review, the court finds that Bethel has failed to exhaust his administrative remedies on each of his claims resulting from his imprisonment in Bullock Correctional Facility, and that this action is due to be dismissed on the basis of his failure to exhaust. Indeed, it is undisputed that Bethel never filed a written grievance concerning his allegations of false imprisonment or deliberate indifference during the two months while housed at the Bullock County Jail. Neither does Bethel claim that he made an oral complaint to any specific Defendant. Accordingly, the court concludes for the reasons more fully discussed hereafter that this action is due to be dismissed on the basis of the Plaintiff's failure to exhaust.

### III.  STATEMENT OF FACTS

In his complaint, the Plaintiff alleges that he was bitten by a poisonous snake while housed at Bullock County Correctional Facility, where he was falsely imprisoned, and was denied medical treatment for this injury. On June 16, 2018, Plaintiff was booked into the Bullock County Correctional Facility pursuant to an active arrest warrant for a parole violation. (Doc. 51 at p. 1). Plaintiff was released from ADOC custody and from Bullock County Correctional Facility on August 16, 2018. (Doc. 51 at p. 2).

With respect to the defense of exhaustion, the evidence unequivocally demonstrates that the Bullock County Jail provides a grievance procedure in its Inmate Rules and Regulations. Defendant Sharon Smith[3], who served as Assistant Jail Administrator during Plaintiff's incarceration, testified that upon Plaintiff's admittance to the Bullock County Jail, the inmate handbook, explaining the grievance policies and procedures, was made available to him in his dorm. (Doc. 51 at p. 4). The grievance policy located under the heading – Jail Operations – states as follows:

> D. Grievance
>
> You are entitled to voice any grievance to the Jail Administrator. You are encouraged to put the grievance in writing on the Inmate Grievance Form and place it in the mailbox located in the dayroom of your cell block. The administrator will give prompt and fair consideration to any grievance and will take appropriate action where warranted.

(Doc. 44-10 at pp. 13-14). Indeed, Defendant Smith testified that inmate grievance forms, which are made available to all inmates, are accepted by correctional facility personnel and written responses are required to be made to the complaining inmate. An appeal procedure exists through the Sheriff's Office and the Sheriff is the ultimate decision maker. (Doc. 51 at p. 3).

Defendant Smith further testified that she was unaware of any report of a poisonous snake on the Bullock County Correctional Facility property during the time Plaintiff was housed there, and she was further unaware of a report of any inmate,

---

[3] Defendant Sharon Smith is incorrectly denominated as Serena Smith in the Complaint.

including Plaintiff, being bitten by a snake. (Doc. 51 at p. 2). Finally, she testified that she never received a grievance from Plaintiff complaining of a snake bite, the denial of medical treatment for a snake bite, or any facts underlying his false arrest claim. (Doc. 44-4 at pp. 3-4). Defendants David Jones, Margaret Toles, Mary Teague, Stephen Lofton, and Charles Thomas, all Correctional Officers employed at Bullock during the Plaintiff's incarceration, and Defendant Sheriff Kenny Harden, who held office during Plaintiff's incarceration, testified similarly concerning their understanding of the grievance policy and its dissemination and availability to inmates, their obligation to accept inmates' grievances and Plaintiff's failure to file any grievance while he was housed at Bullock. Additionally, each Defendant denied awareness of Plaintiff's reports of a snake bite or any evidence that such occurred. Each further denied refusal of medical treatment to Plaintiff or knowledge of such a denial. (Docs. 47 at pp. 1-6; 49 at pp. 1-6; 50 at pp. 1-6; 52 at pp. 1-7; 55 at pp. 1-6; 48 at pp. 1-7).

### IV. DISCUSSION

**A. EXHAUSTION**

The Defendants raise the defense of exhaustion in this action. In addressing the requirements of 42 U.S.C. § 1997e as to exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643–44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted,"

> a prisoner is precluded from filing suit in federal court. *See id.* (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before ***filing*** suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in original). Furthermore, the law is well-settled that "the question of exhaustion under the PLRA [is] a threshold matter that [federal courts must] address before considering the merits of the case. Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (internal quotation marks omitted) (citing *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004) and *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)). The court will therefore "resolve this issue first." *Myles*, 476 F. App'x at 366.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion." *Myles*, 476 F. App'x at 366 (internal quotation marks omitted) (citing *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008). Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535 (internal citations omitted). Based on the foregoing, the Eleventh Circuit specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury [or other factfinder]." *Id*.

Upon review of the complaint, the Defendants' special report and the undisputed evidentiary materials filed in support thereof and the Plaintiff's response to the special report, the Court concludes that the Defendants' motion to dismiss is due to be granted for the Plaintiff's failure to exhaust his claims of deliberative indifference and false imprisonment. Indeed, it is undisputed that Bullock County Correctional Facility had a

grievance procedure in place which included appellate remedies. It is also undisputed that Plaintiff never filed any grievance during the two months when he was housed at Bullock, even though grievance forms were available. Accordingly, the Court concludes that the Plaintiff's deliberate indifference and false imprisonment claims are due to be dismissed because the Plaintiff failed to exhaust these claims via the prison's grievance procedure. Thus, the Court concludes that this entire action could be dismissed on the basis of exhaustion alone. However, the Court recognizes that the principles of absolute immunity, as explained below, also mandate dismissal of claims made against the Defendants in their official capacities for money damages.

### B. ABSOLUTE IMMUNITY

To the extent Bethel requests monetary damages from the Defendants in their official capacities, they are entitled to absolute immunity. Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As the Eleventh Circuit has held,

> the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees]. There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. A State's consent to suit must be unequivocally expressed in the text of [a] relevant statute. Waiver may not be implied. Likewise, Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015) (internal quotation marks and citations omitted). Thus, a state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).

> Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14. The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit.

*Selensky*, 619 F. App'x at 849 (citing *Alabama v. Pugh,* 438 U.S. 781, 782 (1978) (consent is prohibited by the Alabama Constitution). "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990)). In light of the foregoing, the Defendants are entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities. *Selensky*, 619 F. App'x at 849; *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) (holding that state officials sued in their official capacities are protected under the Eleventh Amendment from suit for damages); *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995) (holding that damages are unavailable from state official sued in his official capacity). Thus, the principles of absolute immunity provide an alternative basis for

dismissal of Plaintiff's claims for money damages against Defendants in their official capacities.

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Defendants' motion to dismiss and or for summary judgment (Doc. 44) be GRANTED.

2. Judgment be GRANTED in favor of the Defendants.

3. This case be DISMISSED with prejudice.

4. No costs be taxed.

On or before **February 23, 2023,** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.

11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of February, 2023.

    /s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE